UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                          |
|------------------------------|---|--------------------------|
| EPIPHANE LAZARRE,            | ) |                          |
| Petitioner,                  | ) |                          |
| v.                           | ) | Civil No. 18-10106-LTS   |
| COMMONWEALTH OF MASSACHUSETTS, | ) |                        |
| Respondent.                  | ) |                          |

ORDER DISMISSING PETITION (DOC. NO. 1)
AND RESOLVING PENDING MOTIONS (DOC. NOS. 2, 5)

February 2, 2018

SOROKIN, J.

Epiphane Lazarre[1] is presently incarcerated at Old Colony Correctional Center in Bridgewater, Massachusetts, having been convicted in 2014 of two counts of aggravated rape of a child and related charges. Doc. No. 1 at 1; Commonwealth v. Lazarre, 79 N.E.3d 1111 (Mass. App. Ct. 2017) (unpublished). On January 19, 2018, the Court received and docketed the following submissions: 1) a partially completed Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Doc. No. 1 ("the habeas petition"); 2) an Application to Proceed Without Prepayment of Fees, an accompanying Financial Affidavit, and an Inmate Transaction Report, Doc. No. 2 ("the IFP motion"); and 3) a Motion for Appointment of Counsel, Doc. No. 5 ("the counsel motion").

---

[1] Although this is how the petitioner's name appears on the docket in this action, in the state court decisions on direct review, and in some of his submissions, in other submissions he reverses the order of his names and writes "Lazarre Epiphane." The Court will refer to him throughout as Lazarre.

The Court has reviewed the IFP motion and the supporting documents. That motion (Doc. No. 2) is ALLOWED.

The Court also has reviewed the habeas petition, as it is required to do pursuant to the Rules Governing Section 2254 Cases in the United States District Courts. See Rule 4, 28 U.S.C. foll. § 2254 (requiring prompt examination of habeas petitions and dismissal "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief"). Those Rules require petitions to contain certain information—information which is specifically identified and requested by the standard form which Lazarre used in this case. See Rule 2(c), 28 U.S.C. foll. § 2254. In particular, a federal habeas petition must: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." Id.

Lazarre's petition does none of these things. The entire section of the form in which petitioners are asked to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States" along with the supporting facts, which provides designated space for four separate "grounds," and which warns petitioners that failure "to set forth all the grounds in this petition" may result in claims being barred from future presentation, is left blank in Lazarre's petition. Doc. No. 1 at 5-11. Nor has Lazarre provided any insight into the substance of his claims or the facts underlying them in the preceding sections which ask petitioners to list the grounds raised in previous appeals and proceedings before state courts. Id. at 2-4 (answering "I don't know" when asked to list grounds raised on direct appeal, and leaving many questions blank). Besides referring to "the false accusation" of "rape of a child [and] aggravated rape" in his identification of the crimes for which he was convicted and sentenced, id. at 1, Lazarre provides no substantive information

about the underlying proceedings, let alone the errors he wishes to have reviewed by this Court. Lazarre also failed to answer the question at the end of the form which asks petitioners to specify the relief they seek. Id. at 15.

At the conclusion of the counsel motion—a separate filing—Lazarre offers the following explanation for the near-total lack of information presented in his petition, writing: "I did not completed [sic] the application, because I speak Haitian Creole. Please, I request a Haitian Creole Interpreter. Thanks." Doc. No. 5 at 2. The Court notes, however, that despite the asserted language barrier, Lazarre did manage to complete the IFP motion form, providing all requested information, including a narrative response regarding his last employment and contact information for individuals who provide him support. Doc. No. 2.

The Court has reviewed the available state-court rulings related to Lazarre's direct appeal. On February 16, 2017, the Massachusetts Appeals Court ("MAC") affirmed Lazarre's conviction and sentence in an unpublished decision. Lazarre, 79 N.E.3d 1111. The decision reflects that Lazarre raised three claims to the MAC, each of which challenged the trial judge's exercise of discretion in admitting specific testimony during Lazarre's trial. Id. The MAC rejected each challenge on purely state-law grounds, without reference to any federal law or federal constitutional principles. See id. (finding no error in admission of first-complaint evidence, testimony by sexual assault nurse examiner, and expert testimony about delayed disclosure of rape and absence of physical injury). The Supreme Judicial Court denied review on April 27, 2017.[2] Commonwealth v. Lazarre, 86 N.E.3d 243 (Mass. 2017) (table).

---

[2] It appears Lazarre did not seek certioriari on direct review before the Supreme Court, nor did he pursue any collateral challenges to his conviction in state court. If that is correct, the one-year limitation period for filing a federal habeas petition began ninety days after the SJC's denial of review, i.e., on July 26, 2017, and will expire on July 26, 2018, absent statutory or equitable tolling. See 28 U.S.C. § 2244(d).

3

In light of the foregoing, the Court concludes that Lazarre's petition, as it presently stands, substantially fails to comply with the rules governing federal habeas proceedings, and likewise fails to advance any colorable basis from which the Court could find that Lazarre may be entitled to relief. As such, the habeas petition (Doc. No. 1) is DISMISSED without prejudice to Lazarre refiling it in a manner which complies with the above-cited rules (i.e., in a manner which specifies violations of federal law he believes entitle him to relief, describes facts supporting his federal claims, and identifies the relief he seeks).[3]

Because of the same deficiencies, the counsel motion is DENIED as moot and because the interests of justice do not require appointment of counsel (or an interpreter) in these circumstances. 18 U.S.C. § 3006A(a)(2), (e).

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[3] Unless tolling applies or there is a basis for using an alternate start date to the one-year limitation period, see 28 U.S.C. § 2244(d), it appears Lazarre would have to file any future petition on or before July 26, 2018. It bears noting that the claims Lazarre presented to the MAC are unlikely to merit federal habeas relief, as they were resolved on the merits by the state court based on state evidentiary rules (not federal law). See Coningford v. Rhode Island, 640 F.3d 478, 484 (1st Cir. 2011) (describing severely limited scope of federal habeas relief where challenge is to state court's evidentiary ruling). However, Lazarre is free to return to state court to litigate a motion for a new trial, pursuant to Massachusetts Rule of Criminal Procedure 30, if he believes he has additional claims he wishes to exhaust in state court (then, if necessary, pursue in this Court). Filing such a petition would toll his federal limitation period. § 2244(d)(2).